[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2010
JOHN LEY
CLERK

No. 09-14401
Non-Argument Calendar
_____

Agency No. A096-094-449

JUAN CARLOS DAVID TRUJILLO,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 7, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos David Trujillo, a native and citizen of Colombia who is proceeding *pro se*, seeks review of the Board of Immigration Appeals' ("BIA") decision construing his motion for reconsideration as a motion to reopen, and then denying the same.

The Immigration Judge ("IJ") denied Trujillo's application for asylum and withholding of removal, which Trujillo appealed to the BIA and the BIA denied. Trujillo did not seek review of the BIA's decision with this Court. Subsequently, Trujillo sought to reopen his removal proceedings before the BIA based on a claim of ineffective assistance of counsel which the BIA denied for failure to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998).[1] Again, Trujillo did not petition this Court for review. Instead, he filed a motion for reconsideration of the denial of his ineffective assistance claim, which the BIA denied. The BIA determined that the arguments Trujillo raised could have been raised earlier and because he did not assert that there were any legal or factual defects in the prior

_____

[1] An alien may move to reopen his removal order on the basis of ineffective assistance of counsel. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2005). To reopen based on ineffective assistance of counsel, the petitioner must substantially comply with *Lozada*, and also demonstrate that his counsel's performance was so inadequate that there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 1273-74. *Lozada* requires the alien to: (1) support the motion with an affidavit setting forth in detail the agreement that was entered into with counsel and what representations counsel did or did not make to the alien in this regard; (2) inform counsel of the allegations being leveled against him or her and give counsel an opportunity to respond; and (3) state in the motion "'whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.'" *Dakane*, 399 F.3d at 1274 (quoting *Lozada,* 19 I. & N. Dec. at 639).

2

BIA decision, reconsideration was not warranted. Second, the BIA denied his motion to the extent it was a motion to reopen, because it was untimely – it was filed in January 2009, more than 30 days after the order of removal was final in June 2008 – and because it was numerically barred as this was Trujillo's second motion to reopen.

On appeal, Trujillo argues that the BIA erred because it construed his present motion as a motion to reconsider, instead of as a motion to reopen. He also argues that his motion substantially complied with the requirements for reopening based on ineffective assistance of counsel, under *Matter of Lozada*, and the BIA erred by relying on a vacated opinion in *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009). Lastly, he argues that his due process rights were violated by the BIA's errors, and because he was denied the effective assistance of counsel before the agency.

The BIA's denial of a motion to reopen or motion to reconsider is reviewed for an abuse of discretion. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (motion to reopen); *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003) (motion to reconsider). Review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi*, 430 F.3d at 1149. Review of

3

constitutional challenges is *de novo.* *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).

Here, the BIA did not abuse its discretion by denying the motion, construed first as a motion to reconsider, because Trujillo merely repeated previous arguments, which did not initially persuade the BIA, and he failed to cite to errors of fact or law.[2] *See* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C) (explaining that a motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); *see also* 8 C.F.R. § 1003.2(b)(1).

In addition, the BIA also did not abuse its discretion by denying the motion, construed as a second motion to reopen, because it was untimely and was numerically barred, as Trujillo had already filed a motion to reopen based on ineffective assistance of counsel. *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1) (providing that an alien may also file only one motion to reopen removal proceedings, and the alien must file the motion to reopen within 90 days of the entry of an administrative order of removal); *see also Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 (11th Cir. 2008) (holding that numerical limitation applies to any given order, allowing petitioners

---

[2] Contrary to Trujillo's claim, the BIA did not rely on *Matter of Compean*, but rather noted that it was required to apply the standards for ineffective assistance of counsel claims that existed prior to the now-vacated *Compean* decision.

4

to file additional motions to reopen for subsequent removal orders). The time and numerical limitations are "mandatory and jurisdictional," and, therefore, not subject to equitable tolling. *See Abdi*, 430 F.3d at 1150.

Finally, Trujillo was not denied due process because the relief he sought was discretionary, and he was afforded an opportunity to be heard. S*ee Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1254-55 (11th Cir. 2008) (concluding that the failure to receive relief that is purely discretionary in nature – such as a motion to reopen or reconsider – does not amount to a deprivation of a liberty interest). Moreover, to the extent that Trujillo claims that his due process rights were violated in previous proceedings, we lack jurisdiction to review those claims because he did not file a petition for review from any prior orders.

**PETITION DENIED**.